NUMBER 13-06-164-CR

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

GARY COPLEN,                                                                     Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                 Appellee.

                                                                                                                                      


      On
appeal from the 347th District Court of Nueces County, Texas.

                                                                                                                     


 

                              MEMORANDUM
OPINION

 

                        Before
Justices Yañez, Rodriguez, and Garza

                            Memorandum
Opinion by Justice Yañez                                                                                                                                                           








On January 17, 2005, the State filed a motion to
revoke community supervision, alleging that appellant, Gary Coplen, had
violated his conditions of community supervision.[1] 
On February 7, 2005, appellant pleaded Atrue@ to the State=s allegations and the trial court subsequently
revoked appellant=s supervision and sentenced him to eight years= imprisonment.  Appellant=s appellate attorney has filed a brief in which she
concludes that, after a review of the record and the related law, the appeal is
frivolous and without merit.  We affirm.

Appellant=s counsel has filed an Anders brief with this
Court stating that she has diligently reviewed the record and concludes that
appellant has no non‑frivolous grounds for appeal.[2] 
The brief contains a professional evaluation of the record and advances one
arguable ground for review:  the trial court erred by failing to conduct, sua
sponte, a competency hearing prior to conducting the hearing on the State=s motion to revoke.  In compliance with High v. State,[3]
counsel has carefully discussed why, under controlling authority, the trial
court did not err in its judgment.  Counsel certifies that she has served a
copy of her brief on appellant and informed appellant of his right to file a
pro se brief.  We conclude counsel=s brief meets the requirements of Anders.[4] 
More than thirty days have passed and no pro se brief has been filed.








We have reviewed the arguable ground raised by
counsel in her appellate brief, and we agree with her assessment that no
reversible error exists.[5] 
Our independent review of the record has not revealed any reversible error.[6] 
We agree the appeal is frivolous and without merit.  Accordingly, we affirm the
judgment of the trial court.[7] 
Additionally, in accordance with Anders, appellant=s counsel has asked permission to withdraw as counsel for appellant.[8] 
We grant counsel=s request to withdraw.  We further order counsel to
notify appellant of the disposition of this appeal and of the availability of
discretionary review.[9]

 

 

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

 

 

 

Do
not publish.  Tex. R. App. P.
47.2(b).

 

Memorandum
opinion delivered and filed 

this
the 5th day of July, 2007.

 









[1] Appellant pleaded guilty to the
offense of robbery on August 8, 2001.  Appellant was sentenced to ten years= imprisonment; however, his
sentence was suspended and appellant was placed on community supervision for a
term of ten years.  The State alleged that appellant violated the conditions of
his community supervision by failing to participate in the Substance Abuse
Felony Punishment Facility in a manner that complied with the facility=s rules, regulations, and treatment
programs.





[2] See Anders v. California, 386 U.S. 738, 744‑45
(1967).





[3] High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. 1978).





[4] See Anders, 386 U.S. at 744; High, 573
S.W.2d at 812.





[5] When asked if appellant was
competent, appellant=s counsel responded:

 

I believe he is competent, Your
[sic] Honor, insofar as he has been able to assist me in the defense of his
case.  He has an understanding of these proceedings and the allegations against
him.  But for the Court=s information, Mr. Coplen does have
some mental health history and he is illiterate.  But I did explain to him the
admonishments in writing.

Nothing in the record indicates appellant did not have a
rational as well as a factual understanding of the proceedings against him. 
Nothing in the record indicates appellant did not have sufficient ability to
consult with his attorney with a reasonable degree of rational understanding.

 

Appellant testified at
the hearing on the State=s motion to revoke.  The record
reflects that appellant coherently answered all questions posed to him on
direct and cross-examination.  Though appellant did discuss his history of
mental illness, at no time did he assert that his illness rendered him presently
incompetent, nor did his demeanor at trial indicate a lack of competency.





[6] See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim.
App. 2005). 





[7] See id.





[8] See Anders, 386 U.S. at 744.





[9] See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997) (en banc) (per curiam).